## E. E. PICKERELL v. THE STATE.

### No. 4439. Decided May 16, 1917.

**Rape—Assault to Rape—Insufficiency of the Evidence.**

Where, upon trial of rape by force, threats and fraud, the testimony of the prosecutrix made out a case of completed rape, and defendant's testimony that of no offense, a conviction for assault with intent to rape could not be supported under all the evidence, and the judgment is reversed and the cause remanded.

Appeal from the District Court of Potter. Tried below before the Hon. Hugh L. Humphries.

Appeal from a conviction of assault with intent to rape; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Crudgington, C. E. Gustavus,* and *Reeder & Dooley,* for appellant.—Where under the record a defendant is guilty of rape or nothing, a conviction of assault with intent to rape can not be sustained: Duzek v. State, 48 Texas Crim. Rep., 519, 89 S. W. Rep., 271; Bryant v. State, 46 Texas Crim. Rep., 106, 79 S. W. Rep., 554; Ricks v. State, 48 Texas Crim. Rep., 229, 87 S. W. Rep., 345; Brown v. State, 48 Texas Crim. Rep., 158, 87 S. W. Rep., 159; Jordan v. State, 43 S. E. Rep., 747; Berry v. State, 50 id., 345; Boyd v. State, 72 Texas Crim. Rep., 521.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged by indictment with rape by force, threats, and fraud. As there was no evidence of threats and fraud those issues passed out of the case. The court submitted the theory of force as well as assault with intent to commit rape.

The evidence for the State is shown by the prosecutrix. She was a girl about eighteen years of age, and at her request was employed by appellant as a clerk in his jewelry store. In this jewelry store was a Mr. Truelove, who was the watch repairer. She began work for appellant in August, 1915. She says that on a certain Saturday night about November, 1915, appellant, in the back room of his jewelry store, after working hours, had carnal intercourse with her over her objections and resistance. The details of the matter would serve no useful purpose. It is sufficient to say that under her testimony the jury might have been justified in convicting of rape by force. Her testimony makes a case of rape by force, or at least actual sexual intercourse against her will and over her protests and resistance. He denied the transaction in toto. His evidence is to the effect that on several occasions she tempted him, laying her head on his shoulder, putting her arm around his neck, and other acts of affection, and finally by sitting in his lap after working hours and the store had closed, and that on

the last mentioned occasion he placed his hand on her breast. She immediately unbuttoned her dress and exhibited her breast to him. He then made an agreement to have sexual intercourse but about the time they began to get ready a light was flashed in the store and they became a little uneasy for fear they were being watched. Thinking perhaps later that it was accidental they again began to prepare for the act and the light flashed again. They then abandoned the store and undertook to secure a place at an assignation house. He says this was declined and their project was abandoned. He denied altogether ever having intercourse with the girl at any time or place. Truelove testified that on one occasion in the store, in the absence of appellant, the girl pulled up her dress and threw her leg over his lap in a tempting way. Supposedly like Joseph of Bible fame, he did not fall into the temptation. The girl testified that in December appellant ravished her again under the same circumstances, and again in January, 1916. That he did not undertake it again, and those were the three acts of intercourse between them. She began work, as before stated, in August, 1915, and severed her connection with the store in June, 1916. There is quite a lot of testimony of her familiarity with traveling men, and in a way that reflected upon her reputation for chastity. Finally she disappeared from Amarillo, and her mother, after employing the services of a detective or policeman, located her in Oklahoma. Upon getting her home her mother, who lived in Oklahoma, discovered the pregnancy of prosecutrix. She became very much outraged and humiliated, and demanded an explanation, which the girl gave by stating that she had been seduced by one Claude Powell in June, 1916. Returning from Oklahoma to Amarillo with her daughter they preferred a charge for seduction against Claude Powell about the 21st of October, 1916. The girl at that time was something like four or five months advanced in pregnancy.

At the examining trial the prosecutrix testified that Claude Powell had seduced her under a promise of marriage, and by reason of that promise had intercourse with her on more than one occasion, resulting in her pregnancy; that he was the first and only man who ever had intercourse with her. After her testimony in the examining trial her mother was made aware of the fact that there were rumors to the effect that she had not been chaste, and, among others, connected appellant's name with her in a compromising way. She was also told at that time that this would prevent conviction of Powell. She approached the daughter in reference to it, who then stated that appellant had enticed or tempted her, indicating that he had not had intercourse with her but had aroused her passions to the extent that she subsequently fell into disgrace with Powell. However, later she stated to her mother that appellant had outraged her and this occasioned her subsequent going wrong. Her mother then had the matter investigated by the grand jury, and this indictment was returned, and also one was returned against Powell for adultery. Her mother was informed of the fact if there had been previous intimacy between prosecutrix and other men

Powell could not be convicted for seduction. There is testimony indicating that she demanded damages or pecuniary remuneration from Powell on account of his conduct with her daughter, but when the matter came up with reference to appellant, then the question came as to the fact that appellant should pay her two thousand dollars. There is a conflict in the testimony as to whether she made the proposition or he did with reference to the two thousand dollars. Nothing came of it, it seems, and the prosecution was carried on. She seems to have agreed to leave the State and carry her daughter off if the two thousand dollars was paid.

The record of the testimony is very voluminous. It would serve no useful purpose to burden the opinion with the facts. After a careful review of the case we are impressed with the fact that this conviction should not have been obtained on the testimony. There are many errors pointed out in the record by bills of exception to the court's charge and refusal to give special instructions. These will not be discussed in view of the fact we think the evidence does not support the conviction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*